UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNNA MONTES, on behalf of herself and all other similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SPARC GROUP LLC,<br><br>　　　　　　　　　Defendant. | NO. 2:22-CV-0201-TOR<br><br>ORDER GRANTING MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 7). This matter was submitted for consideration with oral argument on June 15, 2023. Che Corrington and Daniel Hattis appeared on behalf of Plaintiff. Meegan Brooks, Stephanie Sheridan, and Stephanie Berntsen appeared on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 7) is granted.

//

//

ORDER GRANTING MOTION TO DISMISS ~ 1

# BACKGROUND

This putative class action arises out of alleged falsely discounted clothing and accessories purchased from retailer Aéropostale by Washington consumers. ECF No. 1. The Complaint raises a violation of Washington's Consumer Protection Act. *Id.* at 34–36, ¶¶ 106–117. On March 10, 2023, Defendant filed the present Motion to Dismiss. ECF No. 7. The parties timely filed their respective response and reply. ECF Nos. 11, 18. The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Aéropostale, a retailer, offers "Aéropostale" products online and in stores. ECF No. 1 at 8, ¶ 23. Aéropostale perpetually advertises nearly all products with significant discounts of 50-70% from a false reference price in order to trick customers into believing the advertised "sale" price represented a special bargain from Aéropostale's usual and "regular" prices. *Id.*, ¶ 25. Unbeknownst to customers, Aéropostale's products were never or virtually never offered at the supposed regular price. *Id.* Aéropostale perpetrated this scheme in order to induce consumers to purchase its products and to increase the amount it could charge for products. *Id.*

Aéropostale's fake sales from false former prices cause consumers to pay more than they otherwise would have paid for products. *Id.* at 9, ¶ 28. The false

1  discounts also illegitimately increase consumer demand for products, shifting the

2  demand curve and enabling the retailer to charge higher prices than the retailer

3  otherwise could have charged.  *Id.*

4      This action only concerns Aéropostale's sales online since September 16,

5  2016.  *Id.*, ¶ 73.  Plaintiff is a regular shopper at Aéropostale and has made

6  numerous purchases from the website and the retail store in Spokane Valley,

7  Washington.  *Id.* at 28, ¶¶ 83–84.

8      On January 9, 2021, Plaintiff visited the Aéropostale website and purchased

9  several items that day, including a pair of Seriously Soft Heathered High-Rise

10 Leggings, Item # 70411499.  *Id.*, ¶ 85.  The leggings had a list price of $12.50 and

11 were "on sale" for $6.00.  *Id.* at 29, ¶ 86.  Plaintiff believed the leggings were

12 worth $12.50 and relying on this representation, purchased one pair of the

13 leggings.  *Id.*, ¶ 89.  Aéropostale "almost never" offered the leggings at the listed

14 price, but had the $12.50 list price offered on a at least a single day on January 6,

15 2021.  *Id.*  at 30, ¶ 91.  The leggings were not worth $12.50.  *Id.* at 31, ¶ 94.

16                                 **DISCUSSION**

17     **I.**    **Motion to Dismiss Standard**

18     Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may

19 move to dismiss the complaint for "failure to state a claim upon which relief can be

20 granted."  A motion to dismiss for failure to state a claim will be denied if the

1  plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to
2  relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
3  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4   While the plaintiff's "allegations of material fact are taken as true and
5  construed in the light most favorable to the plaintiff" the plaintiff cannot rely on
6  "conclusory allegations of law and unwarranted inferences … to defeat a motion to
7  dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,
8  1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must
9  provide "more than labels and conclusions, and a formulaic recitation of the
10 elements." *Twombly*, 550 U.S. at 555.  When deciding, the Court's review is
11 limited to the complaint, documents incorporated into the complaint by reference,
12 and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d
13 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551
14 U.S. 308, 322 (2007)).

15  Defendant contends that the Washington Consumer Protection Act (CPA)
16 claims sounding in fraud must met the heightened pleading requirements of
17 Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides that "a party must state
18 with particularity the circumstances constituting fraud."  CPA claims that allege a
19 unified course of fraudulent conduct sound in fraud and must be pled with
20 particularity.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th

ORDER GRANTING MOTION TO DISMISS ~ 4

Cir. 2003). The parties dispute whether the Complaint alleges a unified course of fraudulent conduct. The Court declines to rule on application of Rule 9(b) where Plaintiff's injury allegations fail under either standard.

## II.     Washington Consumer Protection Act

Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 … may bring a civil action" to recover actual damages. RCW 19.86.090. To prevail on a non-*per se* CPA claim, "the plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Klem v Washington Mut. Bank*, 176 Wash. 2d 771, 782 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986)). The CPA "shall be liberally construed that its beneficial purposes may be served." RCW 19.86.920.

The injury element is met if "the plaintiff's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 57 (2009) (citation and quotation marks omitted). Washington cases that find injury in false advertising are for goods and services that were different

ORDER GRANTING MOTION TO DISMISS ~ 5

and/or worth less than what was advertised. *See, e.g.*, *Williams v. Lifestyle Lift Holdings, Inc.*, 175 Wash. App. 62 (2013).

At oral argument, Defendant conceded the deceptive acts and causation elements were met for purposes of the present motion, and that injury is the sole issue before the Court. Plaintiff alleges she and other customers were injured in the following ways: (1) they would not have purchased the items at the price paid had they known the items had not in fact been regularly offered at the higher listed price. Customers paid more than they otherwise would have paid for the products they purchased; (2) they did not enjoy the actual discounts promised; (3) the items were not worth the inflated amount that Aéropostale represented and the items were not worth the list price; and (4) customers paid a price premium due to illegitimately inflated demand. *Id.* at 27–28, ¶¶ 78–81. In essence, Plaintiff alleges two theories of injury: that she was misled into purchasing something of value and that she incurred a price premium injury, i.e. charging a higher price for products than it otherwise could have. ECF No. 11 at 24.

Here, while Plaintiff alleges her money was diminished to the extent that she paid $6 for the leggings, Plaintiff only alleges that the leggings were not worth the listing price, but she does not allege that the leggings were not worth the price she paid. ECF No. 1 at ¶ 94. Plaintiff concedes she paid $6.00, the actual value of the leggings. ECF No. 11 at 21. Plaintiff does not allege that she did not receive the

ORDER GRANTING MOTION TO DISMISS ~ 6

value that she paid for. *See Gerboc v. Context Logic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017) (noting no injury on $300 list price item that a plaintiff purchased as "a $27 item that was offered as $27 item and that works like a $27 item."); *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 464 (S.D.N.Y. 2020) (collecting "outlet store" cases where plaintiffs did not allege "price tags diminished the value of the goods in any way.").

The Court finds Plaintiff has failed to state a CPA claim for failure to plead a cognizable injury. Therefore, Defendant's motion is granted.

**III.   Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

After fully considering Plaintiff's Complaint, the Court finds that Plaintiff cannot prevail on her dismissed claim and it would be futile to give her an opportunity to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 22, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 8